## ALBANY RECORDER'S COURT.

PEOPLE *ex rel.* JAMES B. KING agt. JOHN McEWEN, as Superintendent of the Albany Penitentiary.

*Criminal law — From what time a sentence to imprisonment takes effect.*

A sentence to imprisonment takes effect only from the first day of actual incarceration, and not from the day when sentence is pronounced.

*May,* 1881.

GOULD, *J.* — James B. King, the relator herein, having been duly convicted by a court of sessions, held in and for the county of Warren, upon an indictment for keeping a disorderly house in the town of Queensbury in said county, was, on the 13th day of October, 1880, sentenced by said court to be imprisoned in the Albany County Penitentiary for the term of six months, and to pay a fine of $250, and to stand committed until the fine was paid.

A writ of error and stay of proceedings having been obtained by his counsel, the case was carried first to the general term and then to the court of appeals, King being let to bail in the meantime. In both instances judgment was affirmed, and on the 15th day of March, 1881, he was brought to and confined in the Albany Penitentiary.

On the 19th day of April, 1881, on petition of relator, a writ of *habeas corpus* was allowed by me, directed to the superintendent of the Albany County Penitentiary, commanding him to have the body of the relator, with the time and cause of his imprisonment, before me at my chambers forthwith.

The superintendent returned that he held the relator by virtue of a warrant of commitment, a copy whereof was annexed to the return, and the original was produced. Proceedings were adjourned to the twenty-eighth, when relator's

counsel traversed the return and moved for his discharge from custody upon the following grounds :

*First.* That the term of his imprisonment had expired and his fine had been paid.

*Second.* That the warrant of commitment is void upon its face.

In regard to the first point, upon examination of the authorities cited upon both sides, it appears that the question as to when the time of imprisonment commenced to run has never been judicially determined in this state, though in the opinion furnished by counsel for the relator remarks *obiter dicta* would seem to indicate that the day when sentence is pronounced must be regarded as its commencement. Nevertheless, since these are not direct adjudications, I cannot allow them to change my conviction that such a rule would be unjust, discriminating only in favor of those able to employ counsel and interpose all the delays of punishment known to the law. In fact, in many cases, if this were so, no loss or penalty would accrue to the criminal rightly convicted, save the worry and expense of litigation. Judge FOLGER, in *People ex rel. Stokes* agt. *The Warden, etc., of Sing Sing* (66 *N. Y.*, 345), says : " Punishments for the commission of crime is that pain or forfeiture which the law exacts and the criminal pays or suffers for the offence. The conviction having been legal, and the sentence in accordance with the law, it follows that the state may exact from him the full endurance of the sentence and every part of it."

How can this be, if by means of a prolonged writ of error, stay of proceedings, and bail pending the result, his term of imprisonment has expired before a rightful conviction has been affirmed, and he thus escapes all punishment. Such a rule as this would be a direct inducement to criminals to sue out writs of error ; would complicate the machinery of justice, and would regulate the term of imprisonment when imposed by the tenacity and ingenuity of the culprit's counsel. Writs of error are safeguards to the innocent, not to the guilty. They

prevent unlawful and erroneous convictions, but they should not become the means of nullifying penalties justly exacted.

In regard to the second point, the warrant of commitment is certainly not regular. I do not, however, regard it as void upon its face. It contains the requisite facts, and more, which latter may be regarded surplusage. Its irregularities can cause no uncertainty; the guilt of the prisoner is unquestioned, and I therefore consider it, though subject to criticism in form, sufficient to hold him. I therefore dismiss the writ of *habeas corpus*, deny the motion above stated and remand the relator to the custody of the superintendent of the Albany County Penitentiary.